■ JAMES SANCHEZ et al., Appellants, v CITY OF NEW YORK DEPARTMENT OF PORTS AND TRADE et al., Respondents. [602 NYS2d 854] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 25, 1992, which, *inter alia,* granted summary judgment in favor of defendants City of New York Department of Ports and Trade, and Commissioner Wallace Ford, and order of the same court and Justice entered on or about January 23, 1992, which *inter alia,* denied plaintiffs' motion for renewal, unanimously affirmed, without costs.

La Marqueta Associates, a limited partnership of which plaintiff S.J. Marqueta, Inc. is a 60% general partner and La Marqueta Development Corporation (LMDC) is a 40% general partner, was selected in 1988 to lease, manage, and renovate the premises known as La Marqueta, owned by the City of New York. LMDC is a wholly owned subsidiary of defendant General Atlantic Realty Corporation (GARC), a real estate development corporation which also guaranteed the plaintiffs' partnership obligations under the lease. After lengthy negotiations failed to resolve numerous defaults by plaintiffs to maintain and renovate the premises, as required under the lease, a notice of cancellation was served terminating the lease as of August 8, 1990. Subsequent to the termination of the lease, the City entered into a new lease with an entity known as Constellation Marketplace Associates L.P., an entity with which GARC was affiliated.

Contrary to their claim, plaintiffs have not controverted the municipal defendants' assertions that there were numerous violations of the lease, not the least of which was plaintiffs' failure to maintain the physical integrity of the premises. While plaintiffs assert that their failure to renovate the

premises was caused by the failure of the City to disclose the easements in favor of Metro-North, we note that the lease was subject to said easements, and that, in any event, the eight month delay attributable to this occurrence does not justify the failure of plaintiffs to commence renovation for over two years. The City had an absolute right to negotiate with the defendant GARC, as guarantor under the lease, and there is no evidence that these negotiations were undertaken in bad faith, or that plaintiffs were excluded from them. The mere fact that GARC continued to have an interest in the premises after plaintiffs' lease was terminated does not suggest otherwise, in the absence of further evidence that the City purposely attempted to oust plaintiffs from their lease so as to benefit third parties. Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.